In the Matter of the Claim of FRED WEBER, Respondent, v. J. B. WARREN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board reversing, by a divided vote, that part of the decision of a Referee wherein he found that claimant had no causally related disability after July 19, 1960 and from an order of the board denying carrier's application for a reconsideration of its decision. On June 20, 1958 claimant while assisting four coemployees in moving a large display case in the wholesale hardware and mill supply establishment of the employer sustained injuries to his back, left arm and shoulder. He continued his employment in a supervisory capacity with no loss or reduction of wages until June 3, 1959 when his services, together with those of two other officers of the employer, were dispensed with as part of a corporate program to reduce its overhead. Thereupon claimant applied for and was granted unemployment insurance benefits. On November 5, 1959 he obtained other work, at substantially reduced earnings, in which he has since been engaged. An award made by the Referee for partial disability for the period from November 5, 1959 to July 19, 1960 is not contested. The board found " that the claimant's disability resulting from the accident continued after July 19, 1960 " and referred the case for further consideration. By a subsequent decision it classified claimant's condition " as mild permanent partial disability ", made a further award for the period from July 19, 1960 to September 22, 1961 at reduced earnings and closed the claim pending a " change in condition or earning capacity." Appellants contend that the decision finding a continuing partial disability subsequent to July 19, 1960 was not supported by substantial evidence. Doctor Shields and Doctor Dexter who, in behalf of the employer and carrier, examined claimant respectively on September 23, 1958 and April 28, 1959 with the aid of X-ray films of the cervical and dorsal spine testified at a hearing before the Referee on July 19, 1960 that in their opinion no intervertebral disc injury resulted from the accident and that the onset of the disability was brought

about by a traumatic strain of the neck and shoulder muscles which temporarily had aggravated an unrelated pre-existing osteoarthritic pathology of the spine to the degenerative progress of which they attributed any continuing disability. The reports of three examinations conducted by a third physician at the instance of the carrier stated that he found no objective evidence of disability. When medications prescribed and heat treatments administered by the attending physician failed to relieve the severe, persistent and worsening back pain, he referred claimant on or about December 1, 1958 to Doctor Kite, a neurosurgeon, "for evaluation of possible cervical intervertebral disc." Doctor Kite thereafter examined claimant on several occasions between the date of referral and March 11, 1960 and in effect became the treating physician. In the first of his seven reports filed with the board he diagnosed claimant's injury as a "herniated intervertebral disc, C5-6, left." On March 29, 1960 counsel for the carrier furnished Doctor Kite with copies of the reports of its two orthopedic specialists and of the X-ray findings together with a transcript of claimant's testimony given at the hearing before the Referee on December 31, 1958. A covering letter requested him to consider and evaluate the material forwarded and his own reports and to express his professional opinion " as to whether or not the claimant in fact had this underlying degenerative disc and [whether or not] the episode of June 1958 was only a temporary aggravation as stated by Doctor Shield[s] and Doctor Dexter ". In reply Doctor Kite stated: " I find it extremely hard to consider anything a temporary aggravation in the face of a history of continual recurrent exacerbations of pain since his lifting episode. When one looks at his signs and symptoms since June of 1958, as compared with virtually none before, I think it is inescapable that his intervertebral disc disease, whether or not it existed before the accident, was certainly aggravated or produced to a relatively severe degree. There has been a period now of almost two years elapse without complete remission at any time, and under these conditions one can state that this is a permanent aggravation rather than a temporary one." Counsel's letter and the doctor's reply were received in evidence on the consent of the parties with the further stipulation that if called as a witness he would testify in accordance with what he had written. The weight to be given respective medical opinion evidence of causation and continuing disability was for the board's determination as a question of fact and we may not say as a matter of law that there is no substantial evidence to support the board's findings. The board's denial of the carrier's application for a reconsideration of its decision was not arbitrary; nor do we perceive any deficiency in the formal decision of the board. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.